IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**CLARENCE SMITH**

    **Plaintiff,**

v.                                         **No.**
                                           **Jury Demand**

**WAFFLE HOUSE, INC.**

    **Defendant.**

## COMPLAINT

Comes the plaintiff, through counsel, and would show the court as follows:

## PARTIES

1. Plaintiff, Clarence Smith, is a 51 year old African American citizen and resident of the State of Tennessee and resides within the confines of the jurisdiction of this Court. At all times pertinent, Plaintiff has a disability as defined by the Americans with Disabilities Act, 42 U.S.C.A. § 12101 et seq. and the amendments thereto.

2. Defendant, Waffle House, Inc. is a Georgia corporation. The registered agent for service of process is National Registered Agents, Inc. They may be served at 2300 Hillsboro Road, Nashville, Tennessee, 37212.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 USC 1332 in that the parties are citizens of different States and the amount in controversy exceeds

the statutory limit. This court also has jurisdiction pursuant to the Americans with Disabilities Act 42 U.S.C.A. § 12101 et seq. and the amendments thereto, ADA Amendments Act of 2008, § 1 et seq., 42 U.S.C.A. § 12101, the Tennessee Handicap Act, TCA 8-50-103, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII"), 42 U.S.C 1981 and 1981a and the Tennessee Human Right Act, T.C.A.4-21-101 et seq.

4. Venue is proper in that the acts complained of occurred within the confines of the jurisdiction of this Court.

## FACTS

5. Prior to his employment at Waffle House, plaintiff was a 20-year veteran having served in the United States Army with overseas duty in the combat zones of Korea and Kosovo. At the time of his discharge he received a service-connected disability of 30 percent due to back/spinal injuries.

6. Plaintiff was employed by Waffle House in 2002 as a management trainee and subsequently progressed within management levels to that of Division Manager overseeing some 9 stores within his district. On occasion, even as a manager, plaintiff would act as a cook if necessary, which would aggravate his back condition if extensive hours were required.

7. In June 2010 plaintiff received a meritorious plaque for his accomplishments at Waffle House, Inc. One month later, and on or about July 26, 2010, plaintiff was told by upper management that there was to be a "realignment" within the company and that he would be demoted to a lower

management position with a reduction in pay of approximately 40 percent. He would be relocated to the Trinity Lane district and be required to perform cooking duties approximately seven hours per day, six days per week. Defendant's area manager knew or should have known of plaintiff's back problems that would prohibit his performance in this job or cause him further injury.

8. On the occasions that plaintiff would necessarily have to perform cooking duties due to personnel absence or illness of other employees, he would experience severe pain in his lower back and numbness in his right leg along with muscle spasms when extended periods of time were required. Furthermore, plaintiff was advised that he would not be provided a cook for his management shift from 7:00 a.m. to 2:00 p.m.

9. Plaintiff was then instructed by Mr. Wright that he would either accept the "realignment" and perform the cooking requirements in said job, or submit his resignation. Plaintiff was given 24 hours to either accept the new position as described or resign. The following day plaintiff acceded to the forced resignation rather than place himself at high risk of further spinal injury. Defendant knew full well of his service-connected disability and the restrictions involved

10. Prior to his resignation, plaintiff told Mr. Wright "Ken, you know I can't cook every day because of my back, I need a cook every day". Plaintiff sought this accommodation thus initiating the interactive process as required

by law.  However, his supervisor, Ken Wright, refused any arrangement to assist the plaintiff as required or discuss the possibility of accommodation.

11.	Prior to plaintiff's forced resignation the defendant had no valid basis for his demotion.  The month preceding, his performance numbers (overall cost numbers) were No. 1 in the entire company which included not only Tennessee, but also Alabama and Mississippi.  These performance numbers are relative to all division managers within the company.

12.	Plaintiff would allege that the area manager, Ken Wright, advised him that the reason for his demotion was that his "numbers", i.e. food costs, overtime pay, etc. were worse than other division managers in the area. Plaintiff did not believe that this was accurate and requested that Mr. Wright provide him with this analysis but Wright declined to do so.  To the contrary, plaintiff had received numerous bonuses for exceeding sales quotas in the previous years.

13.	Plaintiff was the only African American division manager in the area. All the other four managers were Caucasian.  Plaintiff avers that the defendant's reason for the demotion were a pretext meant to disguise the real reasons which involve racial discrimination and disability discrimination.

14.	The above acts by the defendant were intentional, malicious, and in reckless disregard of plaintiff's rights which merits the awarding of punitive damages.  Plaintiff avers that in addition to compensatory damages he is entitled to punitive damages.

15. As further evidence of the defendant's bad faith and discriminatory animus, plaintiff would show defendant had alternative positions available for which he was qualified and experienced but were neither offered or discussed, one such position being in Human Resource Management which was given to a white employee.

16. Plaintiff avers that defendant is liable for violation of the ADA in failing to accommodate a known disability and causing plaintiff's constructive discharge, as evidenced by requiring him to accept a job position that he could not perform without causing substantial pain and risk of further bodily injury. Plaintiff avers that defendant is liable for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, ("Title VII"), 42 U.S.C 1981 and 1981a and the Tennessee Human Right Act, T.C.A.4-21-101 et seq. by discriminating against plaintiff because of his race, African American.

17. Based upon the above acts by the defendant, by and through its agents and employees, plaintiff has suffered extreme emotional distress, embarrassment, humiliation and loss of enjoyment of life. Furthermore, plaintiff has been forced into bankruptcy. Plaintiff's marriage has been affected due to the stress of not having a sufficient income to pay bills or otherwise take care of his family. His ability to sleep has been substantially affected due to the worry and stress of his economic condition.

**WHEREFORE, premises considered, plaintiff prays as follows:**

1. That the defendant be served with a copy of this Summons and Complaint and be required to answer within the time prescribed by law.

2. That the plaintiff be awarded $1,000,000.00 in compensatory damages with include lost wages, front pay, benefits, embarrassment, humiliation and loss of enjoyment of life.

3. That the plaintiff be awarded punitive damages in the amount of $5,000,000.00.

4. That the plaintiff be awarded reasonable attorney's fees and that the cost of this cause be assessed against the defendant.

5. That a jury be empanelled to hear this case.

Respectfully submitted,


s/James L. Harris
s/Robert J. Shockey
_____

James L. Harris No. 014173
Robert J. Shockey No. 2092
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
Phone 615-260-3677
Fax 615-297-6855
jhar401@comcast.net