IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLARENCE SMITH )
)
v. ) NO. 3-11-0468
) JUDGE CAMPBELL
WAFFLE HOUSE, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 22). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff filed this action against his former employer, Defendant Waffle House, Inc.[1] Plaintiff's remaining claim[2] is for an alleged violation of the Americans with Disabilities Act ("ADA") for Defendant's failure to reasonably accommodate Plaintiff's alleged disability.

Plaintiff contends that he is an army veteran who, at the time of his military discharge, received a service-connected disability of 30 percent because of back and spinal injuries. Plaintiff alleges that he was hired by Defendant in 2002 as a management trainee and subsequently progressed within the various management levels of the company to that of Division Manager.

Plaintiff asserts that in July of 2010, Defendant notified him that, because of a realignment within the company, he would be demoted to a lower management position with a reduction in pay

---

[1] Defendant asserts that the correct Defendant is Mid South Waffles, Inc. The Court will use the word "Defendant" to refer to both entities.

[2] By Notice of Voluntary Dismissal, Plaintiff dismissed his racial discrimination claims. Docket Nos. 29 and 30.

and relocation. Plaintiff claims that in this lower position, he would be required to perform cooking duties which would aggravate and be precluded by his disability.

Plaintiff alleges that Defendant instructed Plaintiff to either accept the reassignment and perform the cooking requirements or submit his resignation. Plaintiff claims he was given 24 hours to make the decision. Plaintiff contends that he accepted the forced resignation rather than place himself at risk of further spinal injury. Plaintiff claims that he asked Defendant to provide a cook every day in order to accommodate his disability and Defendant refused. It is this failure to accommodate which forms the basis of Plaintiff's remaining claim.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence

has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FAILURE TO ACCOMMODATE

The ADA prohibits discrimination against a qualified individual with a disability and defines discrimination to include not making reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability. *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1108 (6th Cir. 2008). A "qualified individual with a disability" is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. *Id.*; 42 U.S.C. § 12111(8).

A *prima facie* case of disability discrimination based on an employer's failure to accommodate requires a plaintiff to show that: (1) he is an individual with a disability within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job; (3) his employer was aware of the disability; and (4) the employer failed to provide a reasonable and necessary accommodation for his disability. *Vazmina v. Donahoe,* 2012 WL 1068791 at * 3 (N.D. Ohio March 29, 2012) (citing *Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997)).

An ADA plaintiff bears the initial burden of proposing an accommodation and showing that the accommodation is objectively reasonable. *Talley*, 542 F.3d at 1108. An employer, then, has the burden of persuasion to show that an accommodation would impose an undue hardship. *Id.*

Defendant first argues that Plaintiff has failed to offer admissible proof that he is "disabled" within the meaning of the ADA. [3] As proof of his disability, Plaintiff has attached two letters from the Department of Veterans Affairs to Plaintiff (Docket No. 31-1). These letters are not authenticated as required by Fed. R. Civ. P. 56(c). Even if they were authenticated, however, these letters merely state that Plaintiff's service-related disabilities are rated at 30% for VA purposes. The letters do not state what the nature of Plaintiff's disability is, the context for determining the disability rating, or how Plaintiff's major life activities would be affected by the disability. Neither do they indicate the longevity or permanency of his disability. Moreover, these letters are not dated and specifically state that Plaintiff's disability rating is "for VA purposes." Docket No. 31-1.

Although medical testimony is not always necessary to show that an impairment substantially limits an employee's ability to work, particularly in light of the 2008 Amendments to the ADA,[4] the Plaintiff must offer some admissible evidence that he is "disabled" as that term is defined in the ADA. Plaintiff's own conclusory statements are insufficient. Plaintiff has not presented sufficient evidence regarding the extent of his alleged disability or his bending limitations.

For these reasons, the Court finds that Plaintiff has failed to establish, by admissible and sufficient evidence, the first element of his claim, that he is disabled within the meaning of the ADA.

---

[3] To show that he is disabled, Plaintiff must show that (1) he had an impairment within the meaning of the ADA; (2) the impairment in question affected a major life activity; and (3) that the identified major life activity was substantially affected. *Chandler v. AMR American Eagle Airline*, 251 F.Supp.2d 1173, 1181 (E.D. N.Y. 2003).

[4] Congress enacted major changes to the ADA, including an instruction that the definition of disability shall be construed in favor of broad coverage of individuals. 42 U.S.C. § 12102(4)(A).

Because Plaintiff has not sufficiently created a genuine issue of material fact, through admissible evidence, that he is disabled, his claim for failure to accommodate must be dismissed.

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE